IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KIMVERLY HOLLAND,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3780-L |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The court makes the following findings of fact and conclusions of law regarding this action, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, following a two-day bench trial on August 2 and 3, 2016.[1] For the reasons that follow, the court **finds** and **concludes** that Plaintiff Kimverly Holland ("Holland" or "Plaintiff") is not entitled to recover on her tort claim under 28 U.S.C. § 2674 against Defendant United States of America (the "Government" or "Defendant"). The court, therefore, will enter judgment in favor of Defendant on Plaintiff's tort claim under 28 U.S.C. § 2674 in accordance with this memorandum opinion and order.

---

[1] In preparing this memorandum opinion and order, the court carefully considered the trial testimony and exhibits and applied the standard in this circuit for findings of fact and conclusions of law. *See Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998) (discussing the standard for findings and conclusions under Rule 52). In accordance with that standard, the court has not set out its findings and conclusions in "punctilious detail" or slavishly traced the claims issue by issue and witness by witness, or indulged in exegetics, parsing or declaiming every fact and each nuance and hypothesis." *See id*. The court instead has limited its discussion to those legal and factual issues that form the basis for its decision. *Id*. The facts contained herein are either undisputed, or the court has made the finding based on the credibility or believability of each witness. In doing so, the court considered all of the circumstances under which the witness testified, including: the relationship of the witness to the Plaintiff or Defendant; the interest, if any, the witness has in the outcome of the case; the witness's appearance, demeanor, and manner of testifying while on the witness stand; the witness's apparent candor and fairness, or the lack thereof; the reasonableness or unreasonableness of the witness's testimony; the opportunity of the witness to observe or acquire knowledge concerning the facts to which he or she testified; the extent to which the witness was contradicted or supported by other credible evidence; and whether such contradiction related to an important factor in the case or some minor or unimportant detail. When necessary, the court comments on the credibility of a witness or the weight to be given to a witness's testimony. Where appropriate, any finding of fact herein that should more appropriately be regarded as a conclusion of law shall be deemed as such, and vice versa.

**Memorandum Opinion and Order – Page 1**

## I. Procedural Background and Findings of Fact

On October 22, 2014, Holland filed this action against the Government under the Federal Tort Claims Act ("FTCA"), alleging that the negligence of an employee of the United States Postal Service ("USPS"), City Carrier Carl McKinzie ("McKinzie"), proximately caused her to be hit by McKinzie's mail truck and suffer personal injuries. This case is fact intensive and turns primarily on the credibility of the witnesses. After reviewing the undisputed facts in the parties' Amended Joint Pretrial Order, weighing the credibility of the witnesses' testimony, and considering the admitted trial exhibits, the court sets forth the following facts.

On January 2, 2013, Holland arrived at the Dallas Rehabilitation Center (the "Center") at approximately 10:30 a.m. Holland worked as a licensed vocational nurse at the Center; however, she was not scheduled to work on January 2, 2013. Instead, Holland was instructed to come to the office by Administrator Brett Ottley ("Ottley") to discuss why she refused to get a flu shot. While at work, a dispute arose between Holland and another employee. Ottley instructed Holland to go into the hallway and wait for him to talk to her. While waiting in the hallway, Holland decided to quit her job. She left the building and went to her car to retrieve her headset and badge. On her way back to the building, Holland called Janice McChester ("McChester"), the staffing coordinator, and asked McChester to meet her at the front desk so that she could turn in her headset and badge.

That same morning, USPS employee McKinzie was delivering mail on his usual route. At approximately 10:40 a.m., McKinzie was traveling south through the parking lot of the Center. McKinzie turned right toward the exit to North Haskell Street. Simultaneously, Holland was

walking east through the parking lot in the direction of the entrance to the Center. Holland was talking on her cell phone while carrying her headset and security badge.

According to Holland, she walked along the red fire lane line perpendicular to the building, and she began to turn left to follow the curb just as McKinzie turned right to come around the curb. Holland testified that McKinzie turned too close to the curb and did not see her or attempt to stop. Further, Holland testified that she stepped backwards onto the curb in a failed attempt to get out of the way of the moving vehicle. Holland testified that when McKinzie turned, she dodged out of the way of his side view mirror but collided with the side of the mail truck. Holland, however, admits that she does not recall McKinzie's vehicle going onto the curb. McKinzie did not see Holland while he was driving. McKinzie states that he heard a loud boom, got out of his vehicle, and saw Holland.

The incident was recorded by a security camera in the Center's parking lot. Neither party was able to secure the video footage before it was taped over. Deborah Moore-Hatcher ("Moore-Hatcher"), McKinzie's supervisor, watched the video two to three times during her investigation of the incident. Moore-Hatcher testified that the video shows Holland walking diagonally through the parking lot while talking on her cellular phone. Holland testified that she watched the video twice, and she disagrees with Moore-Hatcher's testimony regarding the direction in which she walked. Holland testified that the video showed that she crossed diagonally through the parking lot toward the fire lane and then walked up the fire lane perpendicular to the building.

Whether Holland walked through the parking lot diagonally is important, as it makes it more likely that McKinzie's testimony that he did not see her until after she walked into the side of his vehicle is true. The court does not believe that Holland walked perpendicular to the building

**Memorandum Opinion and Order – Page 3**

and then turned at the curb.  If Holland took this path, she would have been near the front of McKinzie's vehicle, which makes it unlikely that she was struck by the side of his vehicle as he made the turn.

McKinzie did not see Holland before making the turn.  During the incident, Holland attempted to step back onto the curb, and she instinctively shielded her body because she recently had surgery.  Holland was able to move out of the way of the truck's mirror; however, she came into contact with the right side of McKinzie's vehicle.  McKinzie heard a boom sound from the cargo area of his truck as Holland made contact with the vehicle.  Holland was able to steady her balance.  She did not fall to the ground or drop her cellular phone, headset, or badge.  Holland continued to talk on her cellular phone and walk toward the Center.  McKinzie stopped his vehicle after he heard the loud noise, got out of the truck, and then saw Holland.  McKinzie asked her if she was "alright."  Holland responded in an elevated voice, "You hit me!" and then turned away, resumed her phone conversation, and continued to walk toward the entrance to the Center. McKinzie and Holland did not call the police or an ambulance.  Holland went into the building and resigned, and McKinzie continued with his mail route.

Nearly two hours after the incident, between 12:00 p.m. and 12:15 p.m., Holland arrived at the Juanita Craft Postal Station to fill out an incident report and make a claim.  Holland stood in line with other customers.  When she reached the front of the line, Holland told the clerk that she had been hit by a postal vehicle.  At approximately 4:57 p.m., Holland went to the Emergency Room at Medical Center of Arlington.  The Emergency Room records indicate that Plaintiff complained of being struck by a mail truck. Holland complained of moderate pain in her right shoulder.

**Memorandum Opinion and Order – Page 4**

Plaintiff timely presented her claim in writing to the USPS on February 22, 2013, by way of a Form-95, along with all required documentation. On September 10, 2013, Plaintiff received an acknowledgement of her $250,000 sum certain claim. On April 23, 2014, Plaintiff received a written notice of the denial of her claim from Chrystal C. Mueller, an attorney for the United States Postal Service Law Department National Tort Center. Holland filed her Complaint on October 22, 2014.

Prior to trial, the court preadmitted Plaintiff's Exhibits Nos. 1, 3, 5, 7, 9, 11, 13, 15, 18, 20, and 23-45, and Defendant's Exhibits Nos. 1-7. During trial, Plaintiff's Exhibits Nos. 23-A, 29-A, 30-A, and 46; and Defendant's Demonstrative Exhibits No. 2-A and 3-A were admitted. After Plaintiff rested her case in chief, Defendant moved for judgment pursuant to Federal Rule of Civil Procedure 52(c),[2] which was carried by the court. As the court's findings of fact and conclusions of law regarding Plaintiff's claim are set forth in this memorandum opinion and order, the court **denies as moot** Defendant's Rule 52(c) motion. On September 26, 2016, and October 20, 2016, Defendant and Plaintiff submitted their proposed findings of fact and conclusions of law.

As previously stated, the court has the task of determining and assessing the credibility of witnesses and the weight to be given to the testimony of each witness. The key witnesses in this case are Holland and McKinzie. With respect to the critical facts of this case, that is, those at the time of impact between Holland and the mail truck and those immediately prior thereto, the court finds the testimony of McKinzie more credible than that of Holland. The court sets out the facts and reasoning on which it bases this finding.

---

[2] Under Rule 52(c), the court may enter a judgment on partial findings against a party who has been fully heard during a nonjury trial if the court finds against the party on the issue.

**Memorandum Opinion and Order – Page 5**

As the evidence reveals, Holland was not supposed to be at work on the day of the accident. She was called in because she had not taken her flu shot. While at the Center, she and another employee got involved in a dispute, or some words were exchanged. According to Holland, a "Ms. Deb," during the course of the exchange stated, "Well, frankly, I don't care if you get a flu shot or not." Plaintiff then responded, "Ms. Deb, I wasn't talking to you. I was talking to Brett." Ms. Deb yelled at Holland, telling Holland to get out of her office. According to Holland, neither a person named "Melba" nor Ottley addressed Ms. Deb about her outburst. At that point, Ottley instructed Holland to go to the hallway where he would talk to her later. While in the hallway, Holland made the decision to quit her job because of Ms. Deb's outburst and because Ottley did nothing to address it. She ultimately decided the Center was not a place at which she wanted to work, and she went to her car to retrieve her headset and badge. At the time of the incident, Holland was talking on her cellular phone.

Although Plaintiff testified that she was not upset or angry at the time of the incident made the basis of this action, the court finds that this testimony strains credulity. First, Holland was called in on her day off. Few, if any, people would not be perturbed or annoyed that they are called to report to work on an unscheduled day. Second, Plaintiff did not want to take a flu shot, and there was some to-and-fro regarding the taking of a flu shot. A worker yelled at Plaintiff, told her that she did not care whether Plaintiff took the flu shot, and ordered Plaintiff to get out of her office. Plaintiff went into the hallway, mulled over the matter, and decided to resign her job. To assert that one is not upset and emotionally engaged during a fast-escalating and unexpected event simply does not square with logic and common sense.

Further, in light of Plaintiff talking on her cellular phone to another person regarding what had occurred at the Center and her decision to resign at the time of the incident, the court finds that Plaintiff was distracted and not paying sufficient attention to the traffic or her immediate surroundings. Had Holland been paying attention and keeping a proper lookout, she would have seen McKinzie's mail truck and could have avoided any contact with it.

The bottom line is that the court finds it more likely than not that Plaintiff's emotional state and distraction (inattention) caused her to collide with the mail truck. In other words, Holland was in the street as McKinzie's vehicle was about to make the turn. Holland does not explain why she was in the street as the mail truck was about to make the turn. She should have stayed on the grass as reflected in the photograph that is Plaintiff's Exhibit 29. Had she stayed in this area until the mail truck passed by, no incident would have occurred. Therefore, to the extent her testimony conflicts with that of McKinzie, the court finds and accepts that of McKinzie to be more credible.

## II. Conclusions of Law

### A. FTCA

The FTCA authorizes civil actions for damages against the United States for personal injuries caused by the negligent acts of its employee acting within the scope of his or her employment. 28 U.S.C. § 1346(b)(1); *see also Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012). The United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Texas substantive law applies in a negligence suit brought against the federal government under the FTCA when the action giving rise to the suit took place in Texas. *See* 28 U.S.C. §§ 1346(b) (1), 2674; *see also Ellis*, 673 F.3d at 372. It is undisputed that at the time of the accident McKinzie was delivering mail on his route;

**Memorandum Opinion and Order – Page 7**

therefore, he was acting in the course and scope of his employment for the USPS, an agency of the United States, and the FTCA applies. The court applies Texas law, as the conduct giving rise to the action occurred in Dallas, Texas.

### B. Negligence

Under Texas law, "[t]he elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (citations omitted). "In determining whether a legal duty exists, Texas courts 'consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant.'" *Calbillo v. Cavender Oldsmobile, Inc.* 288 F.3d 721, 729 (5th Cir. 2002) (*quoting Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). "It is the general duty of every driver to keep his car under control, drive at a reasonable speed, and to keep a lookout for others." *Alvis v. United States*, No. 3:14-CV-0345-BK, 2016 WL 1732659, at *4 (N.D. Tex. May 2, 2016) (Toliver, Mag.) (citing *Wendelken v. McMurray*, 388 F.2d 553, 556 (5th Cir. 1967)). Proximate cause is composed of two components: cause-in-fact and foreseeability. *Smith v. Christus Saint Michaels Health Sys.*, 496 F. App'x 468, 470 (5th Cir. 2012) (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)). "Cause-in-fact is shown when, 'by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred.'" *Id.* (quoting *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 399-400 (Tex. 1993)); *see also Travis*, 830 S.W.2d at 98. An act is foreseeable if "the actor, as a person of ordinary intelligence, should have anticipated the dangers

that his negligent act created for others." *Travis*, 830 S.W.2d at 98. "Liability is grounded in the public policy behind the law of negligence [that] dictates every person is responsible for injuries which are the reasonably foreseeable consequence of his act or omission." *Strakos v. Gehring*, 360 S.W.2d 787, 794 (Tex, 1962).

The parties do not dispute that McKinzie owed Plaintiff a duty of care while driving his postal route. Based on the facts previously discussed, McKinzie did not breach his duty to Holland. The record shows that McKinzie kept his vehicle under control by driving at a rate of about five to eight miles per hour, which was reasonable and prudent under the circumstances, as there was no evidence that the parking lot had heavy pedestrian or vehicular traffic, or that inclement weather required a slower speed. Further, McKinzie's vehicle did not go onto the curb when he turned. Finally, the court found that McKinzie did not hit Holland. Instead, Holland, walking through the parking lot distracted and emotionally upset, collided with or "walked into" his vehicle. Holland presented insufficient evidence that McKinzie did not drive safely or keep a proper lookout for pedestrians on the day of the accident. Holland has not shown that McKinzie was the proximate cause of the accident because she failed to show that McKinzie was either the cause-in-fact of the accident or that it would be foreseeable to McKinzie that he would cause the accident. Taking into account the evidence, testimony, and reasonable inferences that can be drawn from the evidence, Holland's acts or omissions more likely than not caused the accident. The court, therefore, concludes that Holland's inattention was the proximate cause of the accident and her resulting injuries, and that McKinzie was not negligent. Having concluded that Plaintiff is unable to establish her negligence claim, the court will rule in favor of the Defendant and dismiss with prejudice this action.

### III. Conclusion

For the reasons herein stated, the court **finds** and **concludes** that Plaintiff Kimverly Holland is not entitled to recover on her tort claim under 28 U.S.C. § 2674 against Defendant. Accordingly, the court **dismisses with prejudice** Plaintiff's claim for negligence. The court will enter judgment in favor of Defendant on Plaintiff's claim for negligence and damages in accordance with this memorandum opinion and order. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 14th day of August, 2017.

Sam A. Lindsay
United States District Judge